IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL STIEF, | : |
|     Plaintiff, | : |
| | : |
| v. | :   Civil No. 5:20-cv-06272-JMG |
| | : |
| ROBESON TOWNSHIP, *et al.,* | : |
|     Defendants. | : |

**MEMORANDUM OPINION**

**GALLAGHER, J.**     November 2, 2021

Defendant Brad Brenner, an officer with the Robeson Township Police Department, arrested Plaintiff Nathaniel Stief after discovering marijuana and firearms in his home. Stief alleges that Defendants Brenner and Robeson Township[1] infringed his constitutional rights and committed trespass to chattels and malicious prosecution in violation of Pennsylvania state law.

This Court granted Defendants' first motion to dismiss but afforded Plaintiff leave to amend. Plaintiff has since filed an amended complaint, and Defendants again move to dismiss. For the reasons explained below, the motion will be granted.

**I.     FACTUAL ALLEGATIONS[2]**

This case stems from a series of interactions between Brenner and Stief. On October 2, 2018, Stief was arrested for violating a protection from abuse (PFA) order concerning his estranged wife. Am. Compl. ¶¶ 6–8, ECF No. 13. Brenner, who executed the arrest at Stief's home, noticed marijuana in the premises. *Id.* ¶ 9. He thereafter obtained a search warrant and, when he returned

---

[1]     Stief continues to name Robeson Township Police Department as a defendant even though he "is no longer pursuing any claims" against that entity. *See* Am. Compl. ¶ 4, ECF No. 13.

[2]     This summary is premised on the factual allegations contained in Stief's Amended Complaint. For purposes of this motion, the allegations are presumed to be true and are construed in the light most favorable to Stief.

to the home, found three gun safes inside. *Id.* Stief was still in custody, so Brenner phoned in the fire department to cut the safes open. *Id.* Their search uncovered firearms, and the safes were destroyed in the process. *Id.*

Brenner believed that Stief's possession of firearms constituted a third-degree felony, so he secured an arrest warrant from a Magisterial District Judge. *Id.* ¶¶ 10–12. Later in October, Brenner executed the warrant and once again arrested Stief at his home. *Id.* ¶ 13. Stief "was angry and made a number of angry statements" to Brenner. *Id.* ¶ 14. This prompted Brenner to charge Stief with making terroristic threats. *Id.* ¶ 15. Stief, facing felony firearms charges and accused of making terroristic threats, remained in custody for one day. *Id.* ¶ 16.

At the preliminary hearing for Stief's criminal case, the Berks County District Attorney reduced the firearms charge to a misdemeanor. *Id.* ¶ 18. About six months later, after conducting discovery and filing pretrial motions, the District Attorney *nolle prossed* the terroristic threats charge. *Id.* ¶¶ 19–20. Stief ultimately pleaded guilty to possessing firearms and marijuana, for which he received four years' probation. *Id.* ¶ 20.

Stief subsequently initiated this action against Brenner and Robeson Township. He claims that the Defendants violated his constitutional rights and committed trespass to chattels and malicious prosecution under Pennsylvania state law.

**II.     STANDARD**

A complaint may be dismissed for failing to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive the motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although the plausibility standard does not impose a probability requirement, it does require a

pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). A plaintiff cannot rely on mere "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

This Court uses a three-step framework to evaluate the sufficiency of a complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court notes "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). The Court then identifies "allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the Court assumes the veracity of well-pleaded factual allegations "and then determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

In performing this analysis, the Court "accept[s] as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and . . . construe[s] them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

## III. DISCUSSION

### A. Federal Claims

Stief brings claims under 42 U.S.C. § 1983 against Brenner and Robeson Township. *See* Am. Compl. ¶¶ 39–47. He alleges that Defendants conspired to deprive him of his constitutional rights by (1) engaging in malicious prosecution; (2) executing an unlawful arrest on felony firearms charges; and (3) destroying his gun safes. *Id.* ¶ 40. After analyzing Stief's conspiracy claim, this Court will review the remaining allegations against Robeson Township and Brenner.

### 1. Defendants Robeson Township and Brenner (§ 1983 Conspiracy Liability)

To state a section 1983 claim, a plaintiff must show "a deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (internal citation omitted). At issue here is Stief's right to be free from unlawful searches and seizures, which Defendants allegedly violated by (1) maliciously prosecuting Stief for making terroristic threats; (2) unlawfully arresting Stief for a felony firearms charge; and (3) destroying Stief's gun safes while searching his home.

"In order to state a claim for conspiracy under section 1983, a plaintiff must establish (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014) (internal quotation marks and citation omitted). To that end, Stief must allege plausible facts concerning "(1) the period of the conspiracy; (2) the object of the conspiracy; and (3) certain actions of the alleged conspirators taken to achieve that purpose." *Hankin Fam. P'ship v. Upper Merion Twp.*, No. 01-1622, 2012 WL 43599, at *17 (E.D. Pa. Jan. 6, 2012) (internal quotation marks and citation omitted); *see also Rosembert*, 14 F. Supp. 3d at 648 ("To withstand a motion to dismiss, a complaint alleging a civil rights conspiracy should identify with particularity the conduct violating plaintiffs' rights, the time and place of these actions, and the people responsible therefor." (internal quotation marks and citation omitted)).

In his original Complaint, Stief's conspiracy allegations were limited to a single conclusory paragraph. Compl. ¶ 38(c), ECF No. 1 (alleging that Defendants "conspir[ed] to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States

4

and the laws of the Commonwealth of Pennsylvania"). That paragraph remains in the Amended Complaint, *see* Am. Compl. ¶ 40(c), though Stief now attempts to bolster his claim by alleging that "[i]t is believed and therefore averred that the Robeson Township Police Department did have knowledge of, did support and did consent to Officer Brenner's actions." *Id.* ¶ 42.

These conclusory allegations still do not pass muster. Stief has not raised any plausible factual allegations "to support a reasonable inference that defendants reached an agreement or a meeting of the minds concerning their alleged violations of plaintiff's rights." *Chan v. Cnty. of Lancaster*, No. 10-cv-03424, 2012 WL 4510776, at *1 (E.D. Pa. Sept. 28, 2012). In other words, Stief still recites "the empty term[] 'conspiracy' . . . without supplying the requisite details of an agreement." *Cooper v. City of Chester*, No. 11-5381, 2011 WL 6046934, at *8 (E.D. Pa. Dec. 5, 2011). Accordingly, his section 1983 conspiracy claim must be dismissed. *See, e.g., Villarosa v. N. Coventry Twp.*, No. 15-4975, 2016 WL 4062731, at *10 (E.D. Pa. July 28, 2016) ("Plaintiff merely *speculates* that . . . a scheme existed. This is insufficient to survive a motion to dismiss . . . ." (emphasis added)).

### 2. Defendant Robeson Township (§ 1983 Municipal Liability)

Section 1983 liability does not attach to a municipality based on theories of *respondeat superior* or vicarious liability. *McCall v. City of Phila.*, 396 F. Supp. 3d 549, 558–59 (E.D. Pa. 2019) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, a plaintiff must "establish a causal connection between the [constitutional] violation and the municipality's policy or custom." *Valenzuela v. Roselle*, No. 5:20-cv-03638-JMG, 2021 WL 1667473, at *4 (E.D. Pa. Apr. 28, 2021) (citing *Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020)). There are two ways to make this showing. *See Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). First, "[a] plaintiff may put forth that an unconstitutional policy or custom of the municipality led to his

or her injuries." *Id.* (citing *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019)). Alternatively, a plaintiff may allege that his or her injuries "were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice." *Id.* (internal quotation marks and citation omitted).

A plaintiff alleging an unconstitutional policy must "point to an official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy on the relevant subject." *Id.* To show an unconstitutional custom, a plaintiff "must evince a course of conduct so well-settled and permanent as to virtually constitute law." *Id.* at 106 (internal citation omitted).

By contrast, a plaintiff bringing a "failure or inadequacy" claim must demonstrate that the "failure or inadequacy amount[ed] to deliberate indifference on the part of the municipality." *Id.* (internal citation omitted). Deliberate indifference is found where "(1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* (citing *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). "[A] pattern of similar constitutional violations by untrained employees" is ordinarily necessary to demonstrate deliberate indifference, but a single incident may, in certain situations, be sufficient. *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014) (internal quotation marks and citation omitted). In these "single-incident cases," the "need for training can be said to be 'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights." *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 n.10 (1989)); *see also id.* at 223–24 ("Liability in single-incident cases depends on [t]he likelihood that the situation will recur and the predictability that an officer lacking specific tools

to handle that situation will violate citizens' rights." (internal quotation marks and citation omitted)).

Here, as in his original pleading, Stief alleges that Brenner violated his constitutional rights while "[a]cting under color of law and pursuant to official policy or custom." Am. Compl. ¶ 40; *see also* Compl. ¶ 38. This sole allegation is conclusory and thus insufficient to support a section 1983 claim against Robeson Township. Indeed, Stief still does not point to any specific municipal policy that led to his alleged injuries. "Conclusory and general claims that paraphrase [section] 1983 will not satisfy federal pleading requirements," yet that is all Stief alleges in his amended pleading. *McCall*, 396 F. Supp. 3d at 559 (citing *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014)); *see also Walker v. N. Wales Borough*, 395 F. Supp. 2d 219, 226 (E.D. Pa. 2005) (dismissing section 1983 claim where plaintiff failed to plead "any factual allegations . . . [referencing] any official municipal policy or custom endorsing the . . . Defendants' conduct"); *Washington v. City of Phila.*, No. 11-3275, 2012 WL 85480, at *8 (E.D. Pa. Jan. 11, 2012) (dismissing section 1983 claim where plaintiff's "description of the policy or custom falls far short of a 'specif[ication of] what exactly that custom or policy was,' as our Court of Appeals requires" (quoting *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009))).

Stief's second attempt at pleading a "failure or inadequacy" claim also falls short. As in his first pleading, Stief again alleges that Defendants "had power to prevent or aid in preventing the commission" of his injuries, but "knowingly, recklessly, or with gross negligence[,] failed or refused to do so." Am. Compl. ¶ 44; Compl. ¶ 42. This time, however, he adds that "Robeson Township failed to ensure that Officer Brenner was properly supervised or trained." Am. Compl. ¶ 43; *see also id.* ¶ 45 ("The failure to properly supervise or train Officer Brenner demonstrates deliberate indifference on the part of Robeson Township."). These conclusory allegations still do

not include any facts suggesting deliberate indifference. Stief "omits any reference from which we could reasonably conclude that others have suffered from a pattern of similar constitutional violations." *Washington*, 2012 WL 85480, at *8 (internal quotation marks omitted). And because Stief "alleges no facts for the Court to infer that his injury was a 'highly predictable consequence of the municipality's failure to train and supervise its officers,'" he has not stated a cognizable "single-incident claim" either. *Ferrara v. Del. Cnty.*, No. 18-cv-05157, 2019 WL 2568117, at *8 (E.D. Pa. June 21, 2019) (quoting *Cumberland Cnty.*, 749 F.3d at 225). Therefore, Stief's section 1983 claims against Robeson Township must be dismissed. *See, e.g.*, *Durham v. City of Phila.*, No. 20-3944, 2020 WL 6940021, at *4 (E.D. Pa. Nov. 25, 2020) (dismissing section 1983 claims where plaintiff "fail[ed] to plead facts which may allow us to plausibly infer municipality liability").

### 3. Defendant Brenner (§ 1983 Liability in Individual Capacity)

Stief also raises section 1983 claims against Brenner in his individual capacity. *See* Am. Compl. ¶ 3. Stief alleges that Brenner violated his constitutional rights by (1) initiating a malicious prosecution for terroristic threats; (2) executing an unlawful arrest for felony firearms charges; and (3) destroying his gun safes. *See id.* ¶ 40. Brenner contends that these claims fail because he is entitled to qualified immunity. Defs.' Mot. 6–8, ECF No. 14-1.

"At the motion-to-dismiss stage, courts evaluate qualified immunity for a constitutional claim by examining (i) whether the complaint contains plausible allegations of a constitutional violation and (ii) whether the asserted constitutional right is clearly established." *Karkalas v. Marks*, 845 F. App'x 114, 118 (3d Cir. 2021) (citing *Wood v. Moss*, 572 U.S. 744, 757 (2014)). Either prong may be examined first. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

The first prong is dispositive here. *See Wiggs v. Foley*, No. 5:20-cv-02267, 2021 WL 462782, at *4 (E.D. Pa. Feb. 9, 2021) ("Where a plaintiff fails to establish the underlying offense through his or her allegations, 'there is no necessity for further inquiries concerning qualified immunity.'" (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001))). Despite additional allegations in his amended complaint, Stief still fails to plausibly allege that Brenner violated his constitutional rights.

Stief again raises a malicious prosecution claim against Brenner. *See* Am. Compl. ¶ 40(a) ("Defendant Brenner . . . unlawfully and maliciously charged Plaintiff with offenses that he did not lawfully commit . . . ."). "To prove malicious prosecution under [section] 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

"In most circumstances, a plaintiff can not proceed against a police officer for a claim of malicious prosecution because a prosecutor, not a police officer, 'initiates' criminal proceedings against an individual." *Harris v. City of Phila.*, No. Civ. A. 97-3666, 1998 WL 481061, at *5 (E.D. Pa. Aug. 14, 1998) (internal citation omitted). "Police officers (as opposed to prosecutors) may be liable for malicious prosecution if they 'conceal or misrepresent material facts' to the prosecutor." *Townsend v. City of Chester*, No. 19-1023, 2020 WL 4347368, at *6 (E.D. Pa. July 29, 2020) (quoting *Thomas v. City of Phila.*, 290 F. Supp. 3d 371, 379 (E.D. Pa. 2018)). "In particular, an officer is liable if he fails to disclose exculpatory evidence to prosecutors, makes

9

false or misleading reports to the prosecutor, omits material information from the reports, or otherwise interferes with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute." *Thomas*, 290 F. Supp. 3d at 379 (internal quotation marks and citation omitted); *see also Zeglen v. Miller*, No. 3:04-cv-1940, 2008 WL 696940, at *8 (M.D. Pa. Mar. 12, 2008) ("A police officer can be liable for initiating a prosecution if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion." (internal quotation marks and citation omitted)).

Stief does not plausibly plead that Brenner initiated any criminal proceeding. He still does not present any "allegations that permit the reasonable inference that [Brenner] provided false information to the prosecutor . . . or that [Brenner] interfered in any way with the prosecutor's independent decision to bring charges." *Dress v. Falls Twp.*, No. 16-4918, 2017 WL 480410, at *2 (E.D. Pa. Feb. 6, 2017).[3] His malicious prosecution claim against Brenner must be dismissed as a result.

Stief then claims that he was unlawfully arrested on felony firearms charges. *See* Am. Compl. ¶ 40(b). The crux of the claim is that Brenner secured an arrest warrant in contravention of the Pennsylvania Rules of Criminal Procedure. *See id.* ¶ 12. At the time of Stief's arrest, possession of firearms after the issuance of a PFA order was a misdemeanor. 18 PA. STAT. AND CONS. STAT. ANN. § 6105(c)(6) (West 2021). While a misdemeanor charge ordinarily calls for the issuance of a summons, PA. R. CRIM. P. 509, Brenner believed that Stief—in possession of firearms after the issuance of a PFA order—committed a third-degree felony, so he secured an arrest warrant instead. *See* Am. Compl. ¶ 12. This decision, Stief argues, "violate[d] the law and Plaintiff's rights." Pl.'s Opp'n 6, ECF No. 15-1; *see also id.* at 8 ("There was no legal cause to initiate the

---

[3] In fact, Stief now alleges that Brenner acted "*independently*" of the prosecutor." Am. Compl. ¶ 29 (emphasis added).

10

case against Stief by arrest warrant, nevertheless Officer Brenner caused an arrest warrant to be issued.").

To establish a claim for false arrest, as Stief attempts to do here, "a plaintiff must demonstrate that the officers conducting the arrest lacked probable cause." *Rosembert*, 14 F. Supp. 3d at 641 (citing *Wright v. City of Phila.*, 409 F.3d 595, 601 (3d Cir. 2005)). A plaintiff who later pleads guilty cannot argue that the preceding arrest was without probable cause, even if the guilty plea is for a lesser offense. *Walker v. Clearfield Cnty. Dist. Att'y*, 413 F. App'x 481, 483 (3d Cir. 2011); *see also Ehly v. City of Phila.*, No. Civ. A. 03-3634, 2004 WL 2583818, at *3 (E.D. Pa. Nov. 9, 2004) ("Probable cause for a § 1983 unlawful arrest claim is . . . established by guilty plea or conviction, although not where the conviction is later overturned." (internal citation omitted)).

Stief's false arrest claim fails for the same reason it did before: it "simply conflates the violation of a State rule with a constitutional lack of probable cause to arrest." *Cresci v. Aquino*, No. 13-4695, 2017 U.S. Dist. LEXIS 178464, at *19 (D.N.J. Oct. 26, 2017).[4] Stief still does not make any plausible allegations showing that Brenner, or the Magisterial District Judge who issued the arrest warrant, "lacked sufficient facts to support a finding of probable cause to believe the charged offense[] w[as] committed, and that [Stief] was the person who committed [it]." *Id.* at *20. And, above all, Stief later pled guilty to a reduced, misdemeanor firearms charge, based on the same events. This "sworn admission of guilt subsumes a finding of probable cause." *Id.* at *22. For these reasons, the false arrest claim against Brenner must be dismissed.

---

[4] *Cresci* remains instructive here. In that case, the court dismissed false arrest and false imprisonment claims against police officers who arrested the plaintiff. *Id.* The plaintiff alleged that the arresting officers had "obtain[ed] an arrest warrant where only a summons would be appropriate under State law." *Id.* at *17. "Noncompliance with State procedures," while relevant, did not establish a section 1983 claim on its own. *Id.* at *19. Rather, "[t]o make out a constitutional claim of false arrest or imprisonment," plaintiff had to "show arrest or confinement without probable cause." *Id.* (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634–37 (3d Cir. 1995)); *see also id.* at *17–18 ("[O]btaining an arrest warrant where only a summons would be appropriate under State law is not *per se* a violation of the federal Constitution.")

Finally, Stief claims that Brenner destroyed his gun safes "without legal cause to do so." Am. Compl. ¶ 40(e). This claim sounds in the Fourth Amendment—in particular, the right to be free from an unreasonable search. *See* U.S. CONST. amend IV.

"To succeed on a Fourth Amendment claim, a plaintiff must show that the defendant's actions constituted a 'search' . . . within the meaning of the Fourth Amendment and were 'unreasonable' under the circumstances." *Verdier v. Borough*, 796 F. Supp. 2d 606, 619 (E.D. Pa. 2011) (citing *Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989)). While "[e]xcessive or unnecessary destruction of property in the course of a search" may be unreasonable and thereby violate the Fourth Amendment, *United States v. Ramirez*, 523 U.S. 65, 71 (1998), "officers executing search warrants on occasion must damage property in order to perform their duty." *Dalia v. United States*, 441 U.S. 238, 258 (1979) (citing *United States v. Brown*, 556 F.2d 304, 305 (5th Cir. 1977)); *see also Johnson v. Manitowoc Cnty.*, 635 F.3d 331, 335 (7th Cir. 2011) (finding no case law "requiring that officers use the least possible destructive means to execute a search warrant").

Stief still does not state a plausible claim against Brenner for unreasonable execution of a search warrant. Brenner's conduct in executing the warrant was neither excessive nor unnecessary, distinguishing this case from one on which Stief principally relies, *Wood v. Se. Pa. Transp. Auth.*, No. 14-4183, 2016 WL 2619411, at *7 (E.D. Pa. May 6, 2016). There, the court rejected a qualified immunity defense where defendants, while searching an automobile, destroyed "property of the subject that ha[d] no connection to the object of the search." *Id.* Brenner, by contrast, did not damage property outside the scope of his lawful search for contraband. Instead, by calling in the fire department to cut Stief's safes open, Brenner engaged in conduct reasonably necessary to execute the search warrant. *Cf. Badillo v. Stopko*, No. 11-4815, 2012 WL 1565303, at *6 n.7

(D.N.J. May 2, 2012) (dismissing unreasonable search claim under section 1983 because defendants justifiably engaged in a "thorough search of the premises," even though plaintiffs alleged that "furniture was destroyed" and "holes were made in the walls" as a result); *Adams v. Orange Cnty. of N.Y.*, No. 13 CV 8549(VB), 2015 WL 5459794, at *3 (S.D.N.Y. Sept. 1, 2015) ("[A] plaintiff must allege the officers' actions were unreasonable or malicious, and that more than ordinary disarray and damage incident to the execution of the warrant or search occurred." (internal quotation marks and citation omitted)); *Lord v. City of Leavenworth*, No. 08-2171-JWL, 2009 WL 129367, at *6 (D. Kan. Jan. 20, 2009) ("[O]nly unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively, violates the Fourth Amendment." (internal quotation marks and citation omitted)). Stief's final section 1983 claim against Brenner is therefore dismissed.

### IV. CONCLUSION

Stief's remaining claims arise under Pennsylvania state law. This Court will not exercise supplemental jurisdiction over those claims. *See Hall-Wadley v. Maint. Dep't*, 386 F. Supp. 3d 512, 519 (E.D. Pa. 2019) (where "all federal claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims" (internal quotation marks and citation omitted)). As a result, Defendants' motion is granted.[5] An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[5] Stief may refile his state law claims in state court if he so chooses.